Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Kenton Skarin (admitted *pro hac vice*)
kskarin@x.ai
Reid Coleman (admitted *pro hac vice*)
rcoleman@x.ai
SPACEX SUPER INTELLIGENCE LLC
800 W. Cesar Chavez
Austin, TX 78701

*Attorneys for Defendant SpaceX Super Intelligence LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BUIST, CHEYENNE HUNT, CHRISTINE BULLOCK, and NICK SPETSAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC, PBC; OPENAI OPCO, LLC; SPACEXAI LLC; and GOOGLE LLC,<br><br>Defendants. | Case No.: 5:26-cv-10693-NC<br><br>Hon. Nathanael M. Cousins<br><br>**DEFENDANT SPACEX SUPER INTELLIGENCE LLC'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY REGARDING ACCOUNT CREATION**<br><br>Date: December 30, 2026<br>Time: 11:00 a.m.<br>Ctrm.: 5 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 30, 2026, at 11:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Nathanael M. Cousins of the above-entitled Court, located at 280 South First Street, San Jose, California 95113, Defendant SpaceX Super Intelligence LLC ("SpaceXSI") will and hereby does move the Court for an order (1) authorizing SpaceXSI to serve the First Sets of Interrogatories attached as Exhibits A–D; and (2) requiring Plaintiffs to serve responses to those interrogatories within fourteen days of service. This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Exhibits, the pleadings and records on file in this action, and such further argument and evidence as may be presented at the hearing of this motion.

## STATEMENT OF RELIEF SOUGHT

SpaceXSI respectfully requests that the Court enter an order:

(1) Authorizing SpaceXSI to serve the First Sets of Interrogatories attached as Exhibits A–D; and

(2) Requiring Plaintiffs to serve responses to those interrogatories within fourteen days of service.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(d)(1) and 33(b)(2), Defendant SpaceX Super Intelligence LLC[1] respectfully requests court authorization to issue the attached, limited interrogatories, with responses due within fourteen days. *See* Exhibits A–D (proposed interrogatories). Plaintiffs have asserted antitrust claims against SpaceXSI and other frontier superintelligence companies, *see generally* Dkt. 1 ¶¶14–19, but they have not identified what accounts form the basis for those claims. As a result, this Court has already indicated that it is "unclear" which version of SpaceXSI's terms of service govern Plaintiffs' use of SpaceXSI's products—which determines

[1] SpaceXAI LLC's corporate name has changed to SpaceX Super Intelligence LLC. Dkt. 55.

whether this is the proper venue for these claims. *See generally* Dkt. 35 (motion to transfer); Dkt. 49 (reply); Dkt. 52 (order).

Identification of those accounts, along with related answers as reflected in the attached limited interrogatories, thus is a gating issue in this litigation that is necessary to clarify what Terms of Service control Plaintiffs' purported use of SpaceXSI's products, and by extension whether venue is proper here. In addition, on information presently available, it is not even clear if Plaintiffs Spetsas and Buist have standing to bring this case at all, since a law firm account is the only currently known account associated with them.

## II. ARGUMENT

### A. Limited Discovery Will Permit Prompt Resolution of the Proper Forum.

Parties can issue expedited discovery if authorized by court order under Fed. R. Civ. P. 26(d)(1). A well-developed body of decisions in this district explains that such discovery is appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party," and where the discovery will "substantially contribute to moving this case forward." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276-77 (N.D. Cal. 2002); *KWB & Assocs., Inc. v. Marvin*, No. 18-289-DMG (KKx), 2018 WL 5094923, at *3 (C.D. Cal. Mar. 6, 2018) (explaining that "[c]ourts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference") (citing cases). In situations where defendants "would receive said information during the course of normal discovery," the only question "is whether there is good cause to provide immediate access . . . rather than postponing its ultimate production." *Semitool*, 208 F.R.D. at 276.

In determining whether good cause is satisfied, courts consider the following questions:

(1) whether a preliminary injunction is pending;

(2) the breadth of the discovery request;

(3) the purpose for requesting the expedited discovery;

(4) the burden on . . . the targets of the discovery[] to comply with the requests; and

(5) how far in advance of the typical discovery process the request was made.

*See Strike 3 Holdings, LLC v. Doe*, No. 25-cv-05439-PHK, 2025 WL 3101975, at *3 (N.D. Cal. Nov. 6, 2025) (citing *Med Vets, Inc. v. VIP Petcare Holdings, Inc.*, No. 18-cv-02054-MMC, Dkt. 45, at *3 (N.D. Cal. Nov. 28, 2018), *aff'd*, 811 F. App'x at 424); *KWB & Assocs.*, 2018 WL 5094923, at *3 (same) (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).

Courts have been especially solicitous of requests for expedited discovery in cases involving difficult gating issues with internet users, such as pseudonymous accounts with fictitious or incomplete identifying information. *See, e.g.*, *Strike 3 Holdings*, 2025 WL 3101975, at *4; *see also, e.g.*, *Camargo v. Miltiadous*, No. 14-cv-04490-JSC, 2015 WL 1951799, at *5 (N.D. Cal. Apr. 29, 2015) (noting in internet defamation case that although defendants "have used user names to mask their true identities," "the terms of service for each of the websites at issue requires [sic] users to provide personal contact information, including his or her name and email address, when creating an account"); *AF Holdings LLC v. Doe*, No. 12-cv-2207 KJM DAD, 2012 WL 6608993, at *1 (E.D. Cal. Dec. 18, 2012) (collecting cases involving expedited discovery to identify unknown defendants associated with alleged copyright-infringing IP addresses).

Thus, in copyright cases involving pirated intellectual property transmitted over the internet, it is commonplace to allow expedited (indeed, even *ex parte*) discovery to obtain information about users. *See, e.g.*, *New Sensations, Inc. v. Does 1-426*, No. 12-3800 JSC, 2012 WL 4675281, at *8 (N.D. Cal. Oct. 1, 2012) (granting expedited, *ex parte* third-party subpoena to identify user associated with IP address). In such situations, courts have ordered disclosure of "the subscriber's identifiable information including the name, address (present and at the time of infringement), e-mail address, Media Access Control ('MAC') address, and the ISP's terms of service applicable for each Defendant." *Id.* at *8.

The present case easily meets the expedited discovery framework. As to each factor specifically:

**Breadth.** The discovery requests are targeted to the issue at hand. As in internet IP or defamation cases, SpaceXSI seeks information limited to identification of the accounts and

related information that it needs to defend this case. *See*, *e.g.*, *Strike 3 Holdings*, 2025 WL 3101975, at *4; *Camargo*, 2015 WL 1951799, at *5. If anything, this case is stronger than cases seeking information about unknown internet Does, because Plaintiffs themselves have placed their accounts at issue in this case. SpaceXSI of course will have additional discovery to propound at later stages if this case proceeds, but for now it seeks only this narrow inquiry.

**Purpose.** The information sought is for a specific, early-stage litigation purpose. As explained, the identity of the accounts underlying Plaintiffs' claims matters directly for what Terms of Service apply to their conduct and therefore what venue they agreed to litigate in. *See* Dkt. 35 (motion to transfer); Dkt. 49 (reply). Obtaining this information now will allow resolution of the foundational issue of where Plaintiffs' claims against SpaceXSI should be heard.

**Burden.** The burden on Plaintiffs is minimal. The discovery seeks only information about their accounts and account use that should be in their immediate possession and control—likely as simple as looking at their cell phones. Indeed, this request is far less burdensome than discovery that some courts have allowed, as SpaceXSI does not seek depositions, document production, or forensic analysis that other courts have granted. *See, e.g.*, *Miloedu, Inc. v. James*, No. 21-cv-09261-JST, 2021 WL 6072821, at *4–5 (N.D. Cal. Dec. 23, 2021) (authorizing expedited depositions); *Veeder-Root Fuelquest, LLC v. Wisdom*, No. 21-cv-00352-RAJ, 2021 WL 1209257 (W.D. Wash. Mar. 31, 2021) (authorizing expedited interrogatories, document requests, depositions, and forensic analysis).

**Timing.** The request here at most modestly accelerates timing. If this case survives the anticipated motions to dismiss, the first set of discovery will request this information. There is no meaningful reason to delay in light of the transfer issue that this Court has said requires more information. Nor is it unreasonable to shorten the timeframe for responses. Indeed, in *Semitool*, the court shortened the normal thirty-day timeline in spite of language and distance difficulties with Japanese discovery, explaining that the discovery recipient had been in pre-litigation discussions and "had notice of the instant motion and specific discovery sought for nearly a month." 208 F.R.D. at 277. Here, Plaintiffs have no language barrier and have been on notice

that their user accounts would be at issue at least since they filed their complaint over two months ago. Timing favors SpaceXSI, and a fourteen-day response period is reasonable. *See* § II.B., *infra*.

**Pending Injunctive Relief.** Finally, even the preliminary injunction factor is at least analogous to SpaceXSI's request. While SpaceXSI as a defendant is not requesting injunctive relief, the motion to transfer nevertheless is an early-stage litigation request that depends on limited information in the possession of the other party. This information will inevitably be discoverable in this litigation, but SpaceXSI will be prejudiced if it cannot be obtained now. This reality reflects the same concern as a preliminary injunction request—that delay before information can be obtained will improperly prejudice the requesting party.

In short, SpaceXSI meets the standard for expedited discovery. Its requests are tailored, modest, and efficient. The attached interrogatories (Exhibits A–D) are designed to address the issues raised in this Court's recent Order. *See* Dkt. 52. They seek only the identification of accounts, credential holders, payment sources, specific known clicks, dates of use, and a statement of which accounts support the claims. They do not inquire into the substance of the case. The information is within Plaintiffs' personal knowledge or readily available to them and will inevitably be disclosed eventually. Once answered, the interrogatories will permit a renewed motion—or, if necessary, an informed decision to forgo the same—without requiring the parties to litigate in parallel tracks. In contrast, proceeding to a Rule 26(f) conference, initial disclosures, or motion to dismiss briefing while that question remains open risks substantial wasted effort by the parties and the Court in a potentially improper forum. The Court should grant the motion to benefit the orderly administration of this case. *See Semitool*, 208 F.R.D. at 276.

**B. A Fourteen-Day Response Period Is Appropriate.**

Federal Rule of Civil Procedure 33(b)(2) authorizes the Court to order a shorter time for answering interrogatories. Good cause for shortening the response time exists here. As noted, the interrogatories are few, straightforward, and directed at facts Plaintiffs have known were at issue since they filed their case on September 18, 2026, and at least since SpaceXSI filed its opening motion and supporting declarations on October 13, 2026. *See Semitool*, 208 F.R.D. at 277

(considering similar factors to authorize shortened response time). A fourteen-day deadline will allow the threshold forum question to be resolved promptly, before the parties invest further resources in a case that may belong in another court or in arbitration. Delay serves no legitimate purpose.

## III. CONCLUSION

For the foregoing reasons, SpaceXSI respectfully requests that the Court enter an order:

(1) Authorizing SpaceXSI to serve the First Sets of Interrogatories attached as Exhibits A–D; and

(2) Requiring Plaintiffs to serve responses to those interrogatories within fourteen days of service.

Respectfully submitted,

Dated: November 23, 2026

WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
Mayra de Aguiar

SPACEX SUPER INTELLIGENCE LLC
Kenton Skarin (admitted *pro hac vice*)
Reid Coleman (admitted *pro hac vice*)
*Attorneys for Defendant*
*SpaceX Super Intelligence LLC*