United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES BUIST, and others,
Plaintiffs,
v.
ANTHROPIC, PBC, and others,
Defendants.

Case No. 26-cv-10693 NC

**ORDER STRIKING DISCOVERY MOTION WITHOUT PREJUDICE**

Re: ECF 56

Presented to the Court is Defendant SpaceX Super Intelligence LLC's 37-page Motion for Expedited Discovery from Plaintiffs. ECF 56. SpaceX requests leave to serve interrogatory requests to each of the Plaintiffs and requests a shortened response deadline.

Because this is a new case and we have not yet had our initial case management conference, I will use SpaceX's motion as an educational opportunity. SpaceX is directed to my Civil Standing Order, NC-CivilStandingOrder_02-2026.pdf, which requires for all discovery disputes that the parties first meet and confer in an attempt to resolve their dispute. Here, SpaceX submits no evidence that it first conferred with Plaintiffs' counsel. If the parties cannot resolve their dispute through direct conferral, they may file a joint

brief not to exceed 5 pages, or if a joint brief is impossible a unilateral brief not to exceed 2 pages. Here, SpaceX filed a unilateral brief that exceeded the page limit by 35 pages.

What is the point of the standing order? Most parties are able to resolve their disputes collaboratively without waiting for a court order. This supports the "just, speedy, and inexpensive" determination of the case pursuant to Federal Rule of Civil Procedure 1.

Because SpaceX's motion does not comply with my Civil Standing Order, I strike it, without prejudice to a renewed joint letter brief filed after a meaningful meet and confer process.

**IT IS SO ORDERED.**

Dated: November 23, 2026

NATHANAEL M. COUSINS
Chief U.S. Magistrate Judge